# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-3378

_____

Teresa Beatty,

        Appellant,

v.

Synthes (USA),

        Appellee.

\*
\*
\*
\*
\* Appeal from the United States
\* District Court for the Eastern
\* District of Arkansas.
\*
\* [UNPUBLISHED]
\*

_____

Submitted:  May 26, 2004
Filed:  June 28, 2004

_____

Before BYE, McMILLIAN, and RILEY, Circuit Judges.

_____

PER CURIAM.

Teresa Beatty (Beatty) appeals the district court's[1] adverse grant of summary judgment in her diversity products-liability action. Beatty's sole argument on appeal is that the district court erred in denying her Federal Rule of Civil Procedure 56(f) request to hold the summary judgment motion in abeyance pending further discovery. After careful review of the record, we discern no gross abuse of discretion. See Duffy v. Wolle, 123 F.3d 1026, 1040 (8th Cir. 1997) (standard of review), cert. denied, 523 U.S. 1137 (1998).

_____

[1]The Honorable Susan Webber Wright, Chief Judge, United States District Court for the Eastern District of Arkansas.

Specifically, Beatty's affidavit was insufficient because it did not identify any material facts discovery might unveil.  See Fed. R. Civ. P. 56(f) (party must state by affidavit why it cannot present by affidavit facts essential to justify opposition to summary judgment); Stanback v. Best Diversified Prods., Inc., 180 F.3d 903, 911 (8th Cir. 1999) (Rule 56(f) requires filing of affidavit "showing 'what specific facts further discovery might unveil'").  In addition, Beatty sought further discovery over one year after the case was removed to federal court, and two discovery deadlines had passed.  Although Synthes (USA) contributed to the delay, the record does not show that Beatty vigilantly sought to prepare her case in a timely manner.  Cf. Ayala-Gerena v. Bristol Myers-Squibb Co., 95 F.3d 86, 92 (1st Cir. 1996) ("Rule 56(f) is designed to minister to the vigilant, not to those who slumber upon perceptible rights" (citation omitted)).

Accordingly, we affirm.

_____